UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHILLIP WHITE,

                Plaintiff,

        v.

EASTMAN KODAK COMPANY,

                Defendant.

DECISION & ORDER

06-CV-6493CJS

---

By order dated January 4, 2007, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 6).  Plaintiff Phillip White has filed suit pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act and the Age Discrimination in Employment Act, alleging, among other things, that defendant Eastman Kodak Company discriminated against him on the basis of his race, disability and age.  (Docket # 1).  Currently before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 17).

Pursuant to Title 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel.  *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  In determining whether to

appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to

obtain counsel. *Id.* at 61. *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d

Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant

is able to afford or otherwise obtain counsel). If not, the court must then consider whether the

indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-

62. Once these two threshold determinations have been made, "the court should then consider

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the

need for cross-examination will be the major proof presented to the fact finder; the indigent's

ability to present the case; the complexity of the legal issues, and any special reason . . . why

appointment of counsel would be more likely to lead to a just determination." *Id.* (citing factors

set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

      For the purposes of this motion, the Court will accept plaintiff's summary

assertion that he is unable to afford private counsel. Plaintiff has failed, however, to demonstrate

that his case is likely to be of substance. Moreover, upon review of plaintiff's Complaint, it does

not appear that the issues in this case are complex or that plaintiff will be unable to adequately

litigate his claims *pro se.* Finally, the Court also notes that there is a very limited number of

local attorneys willing and able to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co.,*

*Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("Every assignment of a volunteer lawyer to an

undeserving client deprives society of a volunteer lawyer available for a deserving cause").

Based on this review, plaintiff's motion for the appointment of counsel **(Docket # 17)** is

**DENIED** without prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an

attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**


                                           *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                     United States Magistrate Judge


Dated:  Rochester, New York
        June   20  , 2007